SAMUEL BODNER, SAMUEL BODNER, EXECUTOR OF THE LAST WILL AND TESTAMENT OF SARAH BODNER, DECEASED, AND MORTON FOX AND JOYCE FOX, BY THEIR NEXT FRIEND, BERTHA FOX LEVINE, PLAIN-TIFFS-RESPONDENTS, v. PHOENIX INDEMNITY COM-PANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued May 16, 1933—Decided September 27, 1933.

For the appellant, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

For the respondents, *Feder & Rinzler.*

The opinion of the court was delivered by

TRENCHARD, J. The defendant, indemnity company, is-sued an insurance policy wherein it designated Brogan Cadillac-La Salle Company, as the named assured. The policy, after extending its coverage to indemnify the named

assured against loss arising from claims made upon the assured for damages on account of bodily injuries, death, &c., and to investigate all accidents covered by the policy, and to pay any judgment recovered against the assured in connection therewith, contained this additional coverage provision: "The term 'assured' shall include any other person while riding in or legally operating any automobile owned by the assured and covered under said policy and any other person or organization legally responsible for its operation, provided (a) it is being used with the permission of the named assured."

The complaint in this action alleged, among other things, that one Adolph Walter, Jr., while operating an automobile covered under the policy and owned by the named assured, with the latter's permission, collided with an automobile owned by Samuel Bodner, as a result of which Bodner and the other occupants of his car were injured, for which suit was brought against Walter and judgments recovered; that execution was issued against Walter, which was returned unsatisfied by reason of his insolvency.

The policy also provided that "the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injuries sustained or loss suffered by any person or persons as the result of an accident occurring while this policy is in full force and effect; and in case execution against the assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against the company under the terms of the policy for the amount of the judgment in the said action, not exceeding the limits of the company's liability expressed in this policy and subject to all its other terms and limitations."

The execution having been returned unsatisfied by reason of insolvency, thereafter this suit was brought against the defendant insurance company to recover under the policy the amounts due on such judgments, and resulted in judg-

ments in favor of the plaintiffs from which the defendant now appeals.

We think that the trial court did not err in refusing defendant's motion for a nonsuit.

We have not undertaken the ungracious task of criticising the manner in which this point is said to be raised, but proceed to consider it as argued by counsel.

The substance of defendant's main argument is that there was no evidence tending to show that Brogan Cadillac-La Salle Company (the named assured) was the owner of the car involved in the accident at the time of the accident.

We think there was such evidence.

The accident occurred on July 28th, 1930. The car driven by Walter, and alleged to have been owned by the named assured, was a Cadillac car which, according to the evidence, bore the registration "New Jersey D-315." The certificate of the commissioner of motor vehicles and a copy of the Brogan company's application for registration, certified by the commissioner, was admitted in evidence, and such registration certificate of such Cadillac automobile D-315, showed that the car in question was registered for the year 1930 in the name of Brogan Cadillac-La Salle Company. Now the Motor Vehicle act (1 *Cum. Supp. Comp. Stat., p.* 1997), provides that a copy of the original application for registration of a motor vehicle certified to be a true copy under the hand of the commissioner of motor vehicles shall be received as evidence in any court of this state to prove the facts contained therein. A fact therein contained was that the Brogan Cadillac-La Salle Company was the owner of the car.

Under this head it is incidentally argued that Walter, who operated the Cadillac automobile involved in the accident, was the owner of the car at the time of the accident. But this was denied by Walter, and in effect by witnesses called by him, and so, considering all the evidence, it is clear that the ownership of the car was a jury question and could not be taken away from the jury by reason of defendant's evidence that prior to the accident Walter had been negotiating for the purchase of the car, or had purchased it, nor by evidence that a few days after the accident he purchased it.

It seems also to be argued that the motion for nonsuit should have been granted on the contention that Walter, at the time of the accident, was not operating the Cadillac car with the permission of the Brogan Cadillac-La Salle Company, the owner. But there was abundant evidence that Walter had such permission.

The foregoing observations sufficiently dispose of the defendant's contention that the court improperly refused defendant's motion for a directed verdict based upon substantially the same grounds.

It is next said that the judgments should be reversed because the trial court permitted the witness, Adolph Walter, to answer the following question: "Q. At whose suggestion, if anybody's, did you speak to Armstrong about insurance?"

We think not. No ground of objection was stated, and the rule is that an objection to the admission of evidence, to be available on appeal in a civil case, must point out a precise and definite ground of objection. *Hasse* v. *Gietz,* 108 *N. J. L.* 252; *Kargman* v. *Carlo,* 85 *Id.* 632; *Benz* v. *Central Railroad Co.,* 82 *Id.* 197; *English* v. *Continental Folding Paper Box Co.,* 98 *Id.* 438.

The next point is that there should be a reversal because the trial court erred "in refusing the defendant's offer in evidence of an order for repairs to the automobile, signed by Adolph Walter." Not so. The record does not disclose any offer of an order *signed by Walter.* But in any event exclusion of evidence of an order given for repairs after Walter had purchased the car from the owner subsequent to the accident was irrelevant and immaterial to the issue and will not lead to a reversal. *American Process Co.* v. *Pensauken Brick Co.,* 78 *N. J. L.* 658.

Lastly it is argued that there must be a reversal because the trial court refused to allow the witness Thomas Brogan, to answer the following question. We think not. The question was: "Q. Mr. Brogan, you have said in answer to counsel's question that you did discuss with Mr. McCourt his conversation with Dr. Kenna in reference to permission to have the car over the week-end. What was said about that

delivery over the week-end with Mr. McCourt, in other words, what was this discussion?"

· We think that question was objectionable for more than one reason. But in any event its exclusion cannot lead to a reversal. In substance the question had been repeatedly answered by the witness who had testified fully upon the subject-matter. The rule is that a judgment will not be reversed because the trial judge improperly overruled a question unless, after an examination of the whole case, it appears that the error injuriously affected the substantial rights of the party. *Klie* v. *Hollstein,* 98 *N. J. L.* 473; *Spence* v. *Hutchinson,* 102 *Id.* 131. Here no substantial right of the defendant was affected.

The judgments will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.